GUARANTEE LIQUID MEASURE CO., PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 36029. Promulgated September 11, 1930.

*Frank J. Albus, Esq.,* for the petitioner.
*J. D. Kiley, Esq.,* for the respondent.

OPINION.

MORRIS: The sole issue presented is whether under the facts herein the petitioner is entitled to deduct the extra $25,000 payment made to Townsend in 1925 as "a reasonable allowance for salaries or other compensation for personal services actually rendered," within the meaning of section 234 (a) (1) of the Revenue Act of 1924. The entire question, as we view it, is one of reasonableness, that is, whether the personal services rendered by Townsend to the petitioner were actually worth $89,174.66. The respondent concedes that petitioner is entitled to deduct $64,174.66 of Townsend's compensation, but disputes the reasonableness of the remaining $25,000.

The petitioner has carefully developed the facts from the date of Townsend's first connection with it down through the taxable year, and calls our attention to the growth of its business from obscurity to an outstanding position in its industry under Townsend's skillful leadership and management. Beginning with a loss of almost $16,000 in 1921 Townsend so capably managed the petitioner's business that by 1925 the net income was over $940,000. During the intervening years the petitioner's net income rose steadily, jumping from $3,800 in 1922 to over $274,000 in 1923. It is interesting to note that as the petitioner's business grew Townsend's salary was increased, and if the $25,000 item be excluded from his 1925 salary, it appears that each year Townsend's salary was increased with the increase in petitioner's sales.

The particular facts which influenced the board of directors in voting this additional compensation to Townsend were the circumstances surrounding petitioner's acquisition of the Marvel Equipment Co. This company manufactured and sold a line of gasoline filling-station equipment, which, together with petitioner's visible pumps, would enable the petitioner to completely equip filling stations. The detailed investigations conducted by Townsend revealed that petitioner could well afford to pay a million dollars for the Marvel Equipment Co., and the board of directors signified its willingness to purchase at that price. Townsend's negotiations resulted in the purchase of the Marvel Co. for $832,000, which represented a saving to the petitioner of $168,000. Having acquired the stock,

Townsend then proceeded to raise the necessary cash to make the purchase. This he accomplished, at least partially, by personally endorsing petitioner's note for $250,000.

The minutes of the directors' meeting of May 13, 1925, clearly reveal the feelings of the board of directors with respect to Townsend's achievement in buying the Marvel stock for $832,000. They not only " highly complimented " him, but expressed their appreciation of his efforts in a more concrete form. Prior to the meeting Wolf and Fry agreed that Townsend's services should be rewarded and they further agreed that $25,000 would be a reasonable compensation to Townsend for his efforts. Their recommendation was accepted by the Board, and the resolution adopted states that the $25,000 was " a special compensation  *  *  *  for services in connection with the purchase of the Marvel Equipment Co.  *  *  *."

At the hearing George D. Wolf, one of the directors of the petitioner, testified in considerable detail with respect to the services rendered by Townsend in acquiring the Marvel Co.'s stock, and likewise he gave in some detail the nature of the investigations which were conducted by Townsend and himself prior to the actual purchase. Wolf testified that Townsend was responsible for arranging and handling the negotiations, and then related how he and Fry had agreed upon the $25,000 payment to Townsend authorized by the resolution of the board of directors on May 13, 1925. Wolf further stated that he considered the $25,000 voted to Townsend was a reasonable compensation for services rendered, and that he realized at the time the amount was voted that such a disbursement would reduce the amount of profits available for dividends.

Respondent calls attention to our decisions in the *King Amusement Co.*, 15 B. T. A. 566; *Am-Plus Storage Battery Co.*, 11 B. T. A. 733; and *Marjorie Post Hutton*, 12 B. T. A. 265, which cases he considers are authorities for his position that this claimed deduction should be disallowed. We have examined the above cited cases, but we can not agree that they are controlling under the facts herein. We are convinced by the record that the amount paid Townsend for the year 1925 constituted a reasonable compensation for personal services actually rendered, and that the petitioner is entitled to deduct this $25,000 payment under section 234 (a) (1) of the Revenue Act of 1924.

This proceeding, in so far as it relates to the year 1924, is dismissed and decision will be entered for the respondent.

*Decision will be entered under Rule 50.*